THE UNITED STATES DISTRICT COURTS

FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA

        Plaintiff

    V.                       08 CV 1043

Corey Lidell Woodard

        Defendant

Memorandum Supporting Previous 28 U.S.C. 2255 Motion

to Vacate

--------------------------------------------------------

Now comes, the defendant, Corey Lidell Woodard, acting pro'se and respectfully moves this court for permission to amend previous Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence. In support of the above entitled action the defendant submits the following:

The defendant, Corey Lidell Woodard, submitted a 2255 motion on 12/05/2008, but unfortunately has not received a reply. Now the defendant would like to cite authority in support of his early claims.

I. Constitutional and Statutory Provision.

The "double jeopardy clause" of the Fifth Amendment protects against multiple punishment for the same offense and prohibits multiple prosecutions for the same offense.

Constitutional prohibitions against double jeopardy precluded convictions for the offense of possession with the intent to distribute cocaine base and offense of possession with intent

to distribute cocaine base within 1,000 feet of elementary school based on same conduct, as former is lesser included offense of latter, and the two offenses constitute same offense for double jeopardy purposes. U.S.C.A. Const. Amend. 5: Comprehensive Drug Abuse Prevention and Control Act 1970, 401 (a), 419, as amended, 21 U.S.C. 841 (a), 860.

Ambiguity concerning the ambit of criminal statutes should be resolved in "favor of lenity". The policy of lenity "means" that the Court will not interpret a federal criminal statue so as to increase the penalty that it places no more than a guess as what Congress intended. "Ladner v. United States, 358 U.S. 169, 178.

In Blochburger v. United States, 284 U.S. 299, 76 L. Ed 306, the Court set the test for determining whether two offenses are "sufficiently" distinguishable to permit the imposition of the cumulative punishment. Brown v. Ohio, 432 U.S. 161, 166, 53 L. Ed 2d 187. The Court held that the applicable rule is that where the same act on transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are "two offenses" or only one, is where each provision required proof of a fact which the other does not.

Since possession with intent to distribute cocaine base under 21 U.S.C. 841 (b) is lesser include offense of possession with intent to distribute cocaine base within 1,000 feet of school under 21 U.S.C. 860 and has the same elements except for 1,000 feet of school defendant's 841 conviction should be vacated

The terms of a more specific statue take precedence over the terms of a general statute where both statues speak to the

same concern, even if the general provision was enacted later.

Enhanced sentences under both 841 and 860 for a single possession with intent to distribute cocaine base violates the Double Jeopardy Clause of the Fifth Amendment because the two statutes require proof of identical elements. Simpson v. United States, 435 U.S.6, 55 L Ed 2d 70.

Provision of 21 U.S.C. 841 and 860 does not create separate substantive offenses: 860 does not constitute mere penalty enhancement for violations of 841 (b) committed within 1,000 feet of school.

The error was not harmless because the manner in which the sentence was imposed raises a question of the denial of "due process" in the sentencing itself which was cognizable under 2255 (plain error standard).

More importantly, 21 U.S.C. 851 is not compatible with 21 U.S.C. 860 and can not remain. Provision of 21 U.S.C. 860 (a) offense does not require double jeopardy of minimum mandatory sentence specified in 841 (b).

All sentences must satisfy the guarantee of "due process". One of the most fundamental rights protected by the Bill of Rights is the individual right to liberty protected by the "Due Process Clause" U.S.C.A 5.

Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them. Miranda v. Arizona, 86 S. Ct. 1602. No act of Congress can authorize a violation of the Constitution United States v. Brigori-Ponce, 95 S. Ct. 2574, 2578

Therefore, to prevent further undue prejudice and this miscarriage of the justice Mr Woodard respectfully petition

the Court to vacate his Sentence under 21 U.S.C. 841 (b) (1) (B) and 851. Furthermore, Woodard ask that the Court consider the constitutionality of mandatory minimum of the 100:1 crack-to-powder ratio: and adopt this Courts methodology for sentencing crack cocaine offenders, decided in an opinion by Judge Mark W. Bennett. (United States v. Gully, N.D Iowa No. 08-3005-MWB, 05/18/2009)

II.                    Appendix
Similarly Situated Defendants

United States v. Frazzier, 89 F 3d 1501

The defendant contended he received multiple punishments for the same conduct in violation of the Fifth Amendment's Double Jeopardy Clause. Specifically, they argue that he was impermissibly convicted of two crimes, possession with the intent to distribute cocaine base under 21 U.S.C. 841 (a) and possession with the intent to distribute cocaine base within 1,000 feet of an elementary school under 21 U.S.C. 860, for the same offense conduct. Accordingly, the court vacated section 841 convictions.

United States v. Freyre-Lazaro, 3 F 3d 1496.

Diaz-Gonzalez contends that he to receive multiple punishments for the same conduct in violation of the Fifth Amendment's Double Jeopardy Clause. The court decided "there is no evidence that Congress intended to impose the 860 punishment in addition to the 841 punishment." Further, we believe that Congress intended to apply 860 in lieu of 841 (b) when the offense occurs within 1,000.

"While the government may charge a defendant with both a

greater and a lesser included offense and may prosecute those offenses at a single trial, they "may not" enter separate convictions on imposed cumulative punishments for both offenses unless the legislature has authorized such punishment." In United States v. Kaiser, 893 F. 2d 1300, 1303

In United States v. Batchelder, 442 U.S. 114, 118, 60 L Ed 2d 755, the Supreme Court recognized that 922 (h) and 1202 (a) proscribed similar conduct where the defendant is a convicted felon, but concluded that "each substantive statute, in conjunction with it's own sentencing provision, operates independently of the other."

The Court rejected the argument that 1202 (a) impliedly repealed 922 (h) with respect to acts covered by both provisions, nothing that the two provisions were to be applied independently. See id., at 118-121, 60 L Ed 2d 755

The Supreme Court recognized the rule that courts have inherent power to correct judgments obtained through fraud or intentional misrepresentation, "Hazel Atlas Glass Co. v Hartford Empire Co., 322 U.S. 238, 88 L Ed.1250.

## CERTIFICATE OF SERVICE

I, the defendant, Corey Lidell Woodard, swear under penalty of perjury that I have mailed a copy of the foregoing Memorandum Supporting Previous 28 U.S.C. 2255 Motion to Vacate to the Clerk of Court for the Northern District Of Iowa at 4200 C. Street SW, Building B, Cedar Rapids, IA 52404 July 28th, 2010

*[Notary stamp: JOHN ROBERT TEKAVEC, NOTARY PUBLIC - MINNESOTA, My Commission Expires Jan. 31, 2011]*

*[Signature]*
Corey L. Woodard

COMMITTED NAME: Corey Woodard
REG. NO. & QTRS.: 10071-029 Unit - I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072

SAINT PAUL MN 550
29 JUL 2010 PM 2 L

7-29-10
cw

CLERK, U.S. DISTRICT COURT
4200 C STREET SW
CEDAR RAPIDS, IOWA 52404

cv-01043-LRR-JSS   Document 11   Filed 08/02/10